STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-10

ROBERT A. SMART and
MICHAEL LASKO

Plaintiffs,

v.

ORDER ON PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION

R.C. MOORE, INC. and
R.C. MOORE DISTRIBUTION
SERVICES, INC.,

Defendants.

The plaintiffs, Robert Smart and Michael Lasko, filed a motion for class

certification in their claim against the defendants, R.C. Moore, Inc. ("R.C. Moore")

and R.C. Moore Distribution Services, Inc. ("Moore Distribution"), to recover

unpaid overtime wages. Upon reviewing the plaintiffs' motion, the defendants'

opposition, and the relevant law, the plaintiffs' request for class certification will be

denied.

## BACKGROUND

The plaintiffs' underlying complaint seeks payment of overtime wages, under

26 M.R.S.A. § 664(3)[1], for truck drivers, employed by the defendants, who have

---

1 26 M.R.S.A. § 664(3) provides:
An employer may not require an employee to work more than 40 hours in any one
week unless 1-1/2 times the regular hourly rate is paid for all hours actually worked
in excess of 40 hours in that week. The regular hourly rate includes all earnings,
bonuses, commissions and other compensation that is paid or due based on actual
work performed and does not include any sums excluded from the definition of

worked over 40 hours per week, but were not paid overtime.

R.C. Moore categorizes truck drivers in four ways: local drivers, who drive exclusively in Maine; independent contractors, who are not employees of R.C. Moore; regional drivers, who drive outside of Maine; and over-the-road drivers, who drive long distances and can be out of Maine driving for days or longer at a time. Drivers employed by R.C. Moore are not confined by these categories during the course of their employment - i.e., a particular driver may work as a local driver some weeks, and a regional driver in others. The local drivers are paid overtime wages by R.C. Moore in compliance with the statute. Independent contractors, regional, and over-the-road drivers are not paid overtime wages. The defendants argue that the statute does not apply to regional and over-the-road drivers, and therefore overtime wages are not due. In addition, the defendants assert that

---

"regular rate" under the Fair Labor Standards Act, 29 United States Code, Section 207(e)
The overtime provision of this section does not apply to:
  A.   Automobile mechanics, automobile parts clerks and automobile salesmen as defined in section 663. The interpretation of these terms must be consistent with the interpretation of the same terms under federal overtime law, 29 United States Code Section 213;
  B.   Hotels and motels;
  C.   Mariners;
  D.   Public employees;
  E.   Restaurants and other eating establishments; and
  F.   The canning, processing, preserving, freezing, drying, marketing, storing, packing for shipment or distribution of:
       (1)   Agriculture produce;
       (2)   Meat and fish products; and
       (3)   Perishable foods.
Individuals employed, directly or indirectly, for or at an egg processing facility that has over 300,000 laying birds must be paid overtime in accordance with this subsection.

because independent contractors are not their employees, the statute does not apply, and as a consequence, overtime wages are not due. The plaintiffs argue that, with respect to the regional and over-the-road drivers, even though much of the work occurred out-of-state, the employees reside in Maine, the employer operates from Maine, and a sufficient amount of the work is done in Maine and therefore overtime wages are due under 26 M.R.S.A. § 664.

The plaintiff's initially proposed the class as follows: all R.C. Moore, Inc. (RCMI) truck drivers (1) who reside in Maine and (2) who work out of the company's Scarborough, Maine facility.[2]

## DISCUSSION

In order for a class action to be certified, the requirements of M.R. Civ. P. 23(a) must be satisfied, and one of the three requirements set out under M.R. Civ. P. 23(b) must also be satisfied. The plaintiffs claim to have satisfied the requirements of M.R. Civ. P. 23(b)(3).[3] Class certification dramatically affects the litigation by

---

[2] The plaintiffs have conceded that the class should be redefined, as is discussed, infra, in Section D.

[3] M.R. Civ. P. 23(b)(3) provides as follows:
An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
    (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
        (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
        (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
        (C) the desirability or undesirability of concentrating the litigation of

3

increasing the stakes for the defendants, increasing the number of unmeritorious claims, inflating potential damage awards, and creating insurmountable pressure on defendants to settle. Melnick v. Microsoft Corp., 2001 WL 1012261, at *16 (Me. Super. Ct., Cum. Cty.), citing Millett v. Atlantic Richfield Co., CV-98-555, at *44-45 (Me. Super. Ct., Cum. Cty., March 2, 2000). Thus, in order to warrant certification, the plaintiffs must demonstrate under a strict burden of proof that they have satisfied the requirements of Rule 23. Id.

I.     M.R. Civ.P. 23(a)

Rule 23(a) of the Maine Rules of Civil Procedure provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses, and (4) the representative parties will fairly and adequately protect the interests of the class.

A.     Numerosity

The number of potential class members alone does not dictate whether the class is sufficiently numerous that joinder is impracticable. Gaines v. Boston Herald, 998 F. Supp. 91, 116 (D.Mass. 1998), citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 131 (1st Cir. 1985). Additional factors impacting the practicability of joinder include: (1) whether the class members live in the same geographic area, (2) whether they can be easily identified, (3) the nature of the action, and (4) the size of

---

the claims in the particular forum;
(D)  the difficulties likely to be encountered in the management of a class action.

4

each potential member's claim. Howard's Rexall Stores, Inc. v. Aetna U.S. Healthcare, Inc., 2001 WL 501055, at *6 (D.Me.). A determination that the proposed class members "are not located in the same geographic portion of the state [would] support[] a finding that the numerosity requirement is satisfied." Weld v. CVS Pharmacy, Inc., 1999 WL 1565175, at *4 (Mass. Super. Ct.). Where joinder is impracticable, a class of 50 to 60 members has been determined to be sufficiently numerous to warrant class certification. Id.

Because the numerosity requirement of the rule directly relates to the practicability of joinder, there is no particular absolute minimum or maximum number of parties that satisfies the numerosity requirement. Rather, the number of class members is considered as it impacts upon the impracticability of joinder. Here, the estimate of class members ranges from 48 to 175.[4] The plaintiffs have not provided information as to whether the class members live in the same geographic area. The potential class members would be identifiable from the employment records kept by the defendants.

The size of the potential claims would vary, but some might be small, which ordinarily would weigh in favor of class certification. However, in this case the statute provides for costs, attorney fees and a doubling of damages, 26 M.R.S.A. § 670,

---

[4] The number varies from the number of regional drivers employed by R.C. Moore at the time of filing of this motion (48) to the number of regional and over-the-road drivers over the past three years estimated by assuming a fixed rate of turnover in employment (175). The number of potential class members would likely be closer to the number of regional drivers employed at the time of filing because, as discussed in detail infra, the plaintiffs cannot adequately represent the interests of the over-the-road drivers.

5

which indicates that potential class members would have incentive to file an individual claim, and would not be dissuaded from filing suit based on a small potential recovery. This is an action for unpaid wages, and as such is dependent - in the context of both liability and the amount of damages - on a review of individual employee time records for each week to determine whether the number of hours worked exceeds forty hours. Accordingly, based on the information before the court at this time, joinder does not appear to be impracticable. Although not a determinative factor, the court concludes that the issue of numerosity weighs against class certification.

B.     Common Issues of Law or Fact

This element is met if the plaintiffs' grievances share a common question of law or of fact. Millett, CV-98-555, at *14. Here, there is at least one common issue of law - whether the overtime statute is applicable to truck drivers who transport goods from Maine to other states. Consequently, this element weighs in favor of granting class certification.

C.     Typicality

Typicality is "intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." Millett, CV-98-555, at *15, quoting Baby Neal ex rel Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994). "[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that

6

gives rise to the claims of the class members, and if it is based on the same legal theory." Id. at *16, quoting Barnes v. American Tobacco Co., 161 F.3d 127, 141 (3d Cir. 1998). Here the plaintiffs claim that the defendants have failed to pay overtime wages to truck drivers who travel out of state, and they are former employees of the defendants who, when employed by the defendants, traveled out of state and were not paid overtime wages. The plaintiffs' claims are typical of the class.

D.    Adequacy of Representation

In order to satisfy this element, "[t]he plaintiffs must show that (1) the representatives are able and willing to prosecute the action completely and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." Melnick, 2001 WL 1012261, at *1 (citation and quotation omitted).

Here, the class, as originally described, would not satisfy this element.[5] First, plaintiffs have already conceded that the independent contractors and local drivers should not be included in the class because the independent contractors are not covered by the wage law and the local drivers already receive overtime pay. Furthermore, plaintiff Smart was predominantly a regional driver, which means he spent an average of 10 or so hours a week working in Maine. Plaintiff Lasko apparently acted as a local driver, regional driver, and over-the-road driver during his checkered employment history with RCMI. The court can easily foresee a

---

5 The class, as originally proposed, is: all R.C. Moore, Inc. truck drivers (1) who reside in Maine and (2) who work out of the company's Scarborough, Maine facility.

7

situation in which the interests of the over-the-road drivers, who work an average of 2 to 3 hours per week in Maine, diverge from the regional drivers - for instance, if the determinative issue of the applicability of the Maine wage laws becomes the percentage of time each employee works in Maine. See e.g., Newton v. Merril Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 185 (3d Cir. 2001) (holding that representative was not in conflict with class members where each member would need to prove the same securities scheme; court ultimately denied class certification because of the factual differences between class members - e.g., what trade at what price). This concern is not resolved by appointing a new class representative. Rather, at a minimum, the class should be redefined, as conceded by plaintiffs - to "all truck drivers employed by R.C. Moore, Inc. since May 1995 (except local drivers paid hourly; owner operators; and over-the-road drivers whose trips require an 8-hour rest during each trip)." As redefined, the class would be limited to regional drivers.

In addition, however, there are concerns as to the suitability of these particular plaintiffs as class representatives of the class as redefined. Plaintiff Smart has been cited for altering his log books. Affidavit of Barry J. Marchand (the Safety and Compliance Manager of R.C. Moore), pp. 8-9; Exhibit C of the Marchand Aff. The plaintiffs have not addressed the citation in their arguments. If Smart was convicted for altering his log books, the conviction not only bears on Smart's credibility, but also bears directly on the evidence that would be offered in this case. Plaintiff Lasko has a spotty employment history with R.C. Moore including

8

terminating his employment without notice and leaving a truck full of perishable goods en route. Marchand Aff. pp. 8-9. The court finds that these assertions cast serious doubt on the suitability of the plaintiffs as class representatives and concludes that were the court inclined to grant class certification, the suitability of the class representatives would still be at issue.

## II.  M.R. Civ. P. 23(b)

In addition to the requirements of M.R. Civ. P. 23(a), the plaintiffs must satisfy one of the requirements laid out in M.R. Civ. P. 23(b). The plaintiffs have only purported to satisfy M.R. Civ. P. 23(b)(3). In order to certify a class pursuant to Rule 23(b)(3), the court must find that the questions of law and fact in common predominate over the questions affecting only individual members, and that a class action is the superior method to administer the claims. To prevail at trial, the plaintiffs must prove (1) that the Maine wage laws apply to interstate truck drivers, (2) that defendant required each employee to work more than 40 hours in each week for which damages are claimed, and (3) that 1-1/2 times the regular hourly rate was not paid for all hours actually worked in excess of 40 hours in that week. See 26 M.R.S.A. § 664(3). "On this motion for class certification, the plaintiffs must show that common proof will predominate at trial with respect to" those elements. Melnick, 2001 WL 1012261, at *4.

In this case, to establish class membership, each potential class member would have to submit evidence to show that the employee was required to work more than forty hours in a week during the statutory limitations period. In addition, for

9

each week for which damages are claimed, evidence would have to be submitted for each class member to show that the employee was required to work more than forty hours in that week, and in order to establish the quantity of damages, how many hours over forty the class member was required to work. Furthermore, if the availability of overtime wages for a particular week is dependent upon the percentage of time worked in Maine, then the records will also have to be analyzed to determine, for each week of potential liability, whether the subject employee worked a sufficient percentage of his or her work hours in Maine. The fact of injury and the amount of damages will not be provable with common evidence.

In Newton, the court determined that because the court had to look at particular stock trades and particular prices to determine whether a class member was injured on each trade, the lawsuit was not suitable for class action. Newton, 259 F.3d at 185. Similarly, here the court will have to look at employment records for individual weeks to determine whether a class member was injured for each week. Consequently, the court concludes that individual issues predominate over the common issues.

## CONCLUSION

The plaintiffs have not shown that common issues predominate over individual issues. As a consequence, the plaintiffs' claims would not be easily managed as a class action, and a class action is not the superior method for adjudicating this controversy. Accordingly, the court concludes that the plaintiffs

have failed to demonstrate, under the strict burden of proof, that they have satisfied the requirements of M.R. Civ. P. 23.

The entry is

The Plaintiffs' Motion for Class Certification is DENIED.

Dated at Portland, Maine this 15th day of January 2002.

Robert E. Crowley
Justice, Superior Court

Date Filed **05-21-01**  **Cumberland** Docket No. **CV-01-264**
County

Action **Damages**

Robert A. Smart | R.C.Moore, Inc.
Michael Lasko (Intervenor) | ~~R.C. Moore~~ dismissed 9-6-01
R.C. Moore Distribution Services, Inc.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Donald F. Fontaine Esq.<br>P.O. Box 7590<br>Portland, Maine 04112<br><br>D. Fontaine, Esq. (Michael Lasko, Intervenor) | BARBARA T. SCHNEIDER, ESQ.<br>JOHN C. LIGHTBODY, ESQ.<br>75 PEARL STREET<br>P.O. BOX 9785   (R.C. Moore, Inc.)<br>PORTLAND, MAINE   04104-5085<br>773-5651 |

| Date of Entry | |
|---|---|
| **2001**<br>May 21 | Received 05-21-01<br>Summary Sheet filed.<br>Complaint filed. |
| May 22 | Received 05-22-01<br>Plaintiff's consent to join pursuant to 29 U.S.C. 216(b) filed. |
| June 5 | Received 06/05/01:<br>Summons filed showing officer's return of service on 05/29/01 upon R.C. Moore, Inc. to John Lightbody, Esq. |
| June 19 | Received 06-18-01:<br>Defendant, R.C. Moore, Inc. Answer filed. |
| June 28 | Received 6-28-01.<br>Scheduling Order, filed. (Crowley, J.)<br>    Scheduling Order filed.  Discovery deadline is February 28, 2002. Copies mailed Donald Fontaine, Esq., Barbara Schneider, Esq. and John Lightbody, Esq. on 6-28-01. |
| July 9 | Received 07/09/01:<br>Michael Lasko's Motion to Intervene with Incorporated Memorandum of Law filed. |
| "    " | Plaintiff's Motion for Certification of Class Action filed. |
| "    " | Plaintiff's Memorandum of Law in Support of Motion for Certifiation of class Action with Exhibits 1 - 8 filed. |
| July 16 | Received 7-16-01:<br>Plaintiffs Notification of Discovery Service filed.<br>Plaintiffs First Request for Admissions, Request to Produce to Defendant R.C. Moore, Inc and first set of interrogatories to Defendant R.C. Moore, Inc, R.C. Moore and R.C. Moore Distribution Services, Inc. Served on John Lightbody, Esq on 7-12-01. |